FILED

2021 Sep-21  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

|  |  |  |
|---|---|---|
| TIMOTHY RAUGHTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00486-SGC |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**[1]

The plaintiff, Timothy Raughton, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") holding he was not disabled within the meaning of the Social Security Act prior to November 18, 2018, but became disabled on that date and continued to be disabled through the date of the Commissioner's decision.  (Doc. 1).[2]  Raughton timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3).  For the reasons discussed below, the Commissioner's decision is due to be affirmed.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 10).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic filing system and appear in the following format: (Doc. __ at __).  Citations to the transcript use page numbers assigned by the Commissioner to the record and appear as follows: (Tr. at __).

## I. PROCEDURAL HISTORY

Raughton graduated from high school with a special education certificate. (Tr. at 36, 217). He has previously been employed as a garbage truck driver. (*Id*. at 52, 217-218, 246-47). In his application for a period of disability and disability insurance benefits ("DIB"), Raughton alleged he became disabled on July 11, 2016, as a result of hernias, diabetes, obesity, back pain, and fluid collection on his stomach. (*Id*. at 58, 186-89, 216). After his claims were denied, Raughton requested a hearing before an administrative law judge ("ALJ"). (*Id*. at 83-84). On April 18, 2019, the ALJ held a video hearing at which David Head, an impartial vocational expert, also appeared and testified. (*Id*. at 33, 51-54). Following the hearing, the ALJ held Raughton was not disabled prior to November 18, 2018, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. (*Id*. at 17). Raughton was fifty years old when the ALJ issued his decision. (*Id*. at 13, 37, 186). After the Appeals Council declined to review the ALJ's decision (*id*. at 1-6), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 N.D. Ala. 2001 (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Raughton initiated this action. (Doc. 1).

## II. STATUTORY AND REGULATORY FRAMEWORK

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also id.* at § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Furthermore, a DIB claimant must show he was disabled between his alleged initial onset date and his date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012). If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled. At the first step, the ALJ determined Raughton has not

engaged in substantial gainful activity since the alleged onset date, July 11, 2016.
(Tr. at 19).

If a claimant is not engaged in substantial gainful activity, the Commissioner
must next determine whether the claimant suffers from a severe physical or mental
impairment, or combination of impairments, which has lasted or is expected to last
for a continuous period of at least twelve months.  20 C.F.R. § 416.920 (a)(4)(ii),
(c).  An impairment "must result from anatomical, physiological, or psychological
abnormalities which can be shown by medically acceptable clinical and laboratory
diagnostic techniques."  20 C.F.R. § 416.921.  Furthermore, it "must be established
by medical evidence consisting of signs, symptoms, and laboratory findings, not
only by [the claimant's] statement of symptoms."  *Id.*; *see* 42 U.S.C. § 423(d)(3).

An impairment is severe if it "significantly limits [the claimant's] physical or
mental ability to do basic work activities . . . ."  20 C.F.R. § 416.922(c).  "[A]n
impairment can be considered as not severe only if it is a slight abnormality which
has such a minimal effect on the individual that it would not be expected to interfere
with the individual's ability to work, irrespective of age, education, or work
experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see* 20 C.F.R. §
404.1521(a).  A claimant may be found disabled based on a combination of
impairments, even though none of his individual impairments alone is disabling.  20
C.F.R. § 416.920.  The claimant bears the burden of providing medical evidence

4

demonstrating an impairment and its severity.  20 C.F.R. § 416.912(a).  If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(ii), (c).  At the second step, the ALJ determined Raughton has the following severe impairments: obesity, degenerative disc disease, diabetes mellitus, gastritis, diverticulosis, hepatic steatosis, hernias, and pancreatitis.  (Tr. at 19).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(a)(4)(iii), (d).  If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled.  *Id.*  The claimant bears the burden of proving his impairment meets or equals one of the Listings.  *Reynolds-Buckley*, 457 F. App'x at 863. At the third step, the ALJ determined Raughton did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings.  (Tr. at 20).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step.  20 C.F.R. § 416.920(e).  A claimant's RFC is the most he can do despite her impairment.  20 C.F.R. § 416.945(a).  At the fourth step, the Commissioner compares the assessment of the claimant's RFC with the

physical and mental demands of the claimant's past relevant work. *Id*. "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). The claimant bears the burden of proving his impairment prevents him from performing his past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv), (f).

Before proceeding to the fourth step, the ALJ determined that since July 11, 2016, the claimant had the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a), except Raughton cannot climb ladders, ropes, or scaffolds and is limited to occasional stooping, kneeling, crouching, and crawling. (Tr. at 20). Additionally, he cannot be exposed to excessive vibration and cannot be exposed to workplace hazards such as moving mechanical parts and high exposed panes. (*Id.*)

At the fourth step, the ALJ determined that since July 11, 2016, Raughton has been unable to perform any of his past relevant work. (*Id.* at 25). Therefore, the ALJ proceeded to the fifth step. With the aid of testimony from the vocational expert ("VE"), the ALJ found there were jobs that existed in significant numbers in the national economy that Raughton could have performed prior to November 18, 2018, the date Raughton's age category changed to an individual closely approaching

6

advanced age.[3] (*Id.*at 25-26).   Therefore, the ALJ concluded Raughton was not disabled for the period between his alleged onset date of July 11, 2016, and November 18, 2018.  (*Id.* at 26-27).   The ALJ further concluded that beginning on November 18, 2018,  when Raughton's age category changed, there are not jobs that exist in significant numbers in the national economy Raughton could perform, considering his age, education, work experience, and RFC.   Accordingly, the ALJ found Raughton was disabled as of November 18, 2018.

## III. STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).   A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

---

[3] On November 18, 2018, Raughton's age category changed from a younger individual (age 18-49) to an individual closely approaching advanced age (age 50-54).  (Tr. at 25).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

# III. DISCUSSION

On appeal, Raughton contends the ALJ's decision denying benefits from July 11, 2016, through July 11, 2018, is in error because: (1) he improperly applied the age grids[4] in a mechanical fashion and failed to prove Raughton's ability to adapt by evidence other than his age; (2) he failed to consider or discuss the decision of the State of Alabama Retirement System approving Raughton's application for disability retirement benefits in December 2016; and (3) his decision Raughton could perform a limited range of sedentary work prior to November 18, 2018, is not supported by substantial evidence.

## A. Medical-Vocational Guidelines

Raughton first argues the ALJ improperly applied the Medical-Vocational Guidelines ("grids") "in a mechanical fashion to deny Mr. Raughton benefits before he turned age 50 on November 18, 2018." (Doc. 18 at 11). He further contends this court should reverse and remand Raughton's case and require the Commissioner to prove Raughton's ability to adapt by evidence other than his age based on evidence introduced at the hearing related to his special education certificate, inability to obtain his CDL license until his seventh or eighth try, and difficulty spelling words related to his personal checking account. (Doc. 18 at 11-12).

---

[4] The "age grids" discussed by the claimant describe the age-related Medical-Vocational Guidelines, which are also referred to as "grids."

In opposition, the Commissioner asserts the ALJ did not rely exclusively on the grids when, having determined Raughton could not perform his past relevant work, the ALJ assessed whether he could perform other work. Instead, in accordance with the regulations and the applicable Social Security rulings, the ALJ relied on the testimony of the VE and used the grids only as a framework for decision-making when determining Raughton was not disabled from the alleged onset date until November 18, 2018. (Doc. 22 at 8). This court agrees.

Here, at the fourth step the ALJ found Raughton was unable to perform his past relevant work at the time of his alleged disability onset date, July 11, 2016. (Tr. at 25). Once a finding is made that a claimant cannot return to prior work, the burden of proof shifts to the Commissioner to show other work that can be performed by the claimant. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (*citing Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)). Accordingly, the ALJ proceeded to the fifth step, where he determined whether Raughton could successfully adjust to other work. (Tr. at 26). In making that decision, the ALJ considered Raughton's RFC, age, education, and work experience in conjunction with the grids. *Id.*

"The grids are a series of matrices which correlate a set of variables—the claimant's residual functional capacity (*i.e.,* the ability, despite impairments, to do sedentary, light, etc. work), age, educational background, and previous work experience." *Gibson*, 762 F.2d at 1520. The Supreme Court has held the use of

grids to determine the existence of jobs in the national economy that can be performed by a claimant is a legitimate use of power derived from the Social Security Act. *Heckler v. Campbell,* 461 U.S. 458, 103 (1983). In *Phillips v. Barnhart,* the Eleventh Circuit provided:

> After determining a claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, 'exclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills.'

357 F.3d at 1242-1243 (*citing Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985) (emphasis added) (citation omitted)). Thus, "exclusive reliance on the grids is inappropriate when a claimant has a nonexertional impairment that significantly limits the claimant's basic work activities." *Foote,* 67 F.3d at 1559 (*citing Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990)). Impairment related limitations are considered nonexertional when the limitations and restrictions imposed by a claimant's impairment(s) and related symptoms only affect the claimant's ability to meet the demands of jobs other than strength demands. 20 C.F.R. § 404.1569(a)(c). Here, Raughton's severe impairments determined by the ALJ are obesity, degenerative disc disease, diabetes mellitus, gastritis, diverticulosis, hepatic steatosis, hernias, and pancreatitis. (Tr. at 19).

There are two relevant periods related to Raughton's alleged disability: (1) the time from his alleged onset of disability, July 11, 2016, to the date at which the ALJ determined he was disabled, November 18, 2018; and (2) the period following November 18, 2018.  As asserted by the Commissioner, the ALJ did not rely solely on the grids in making his determination of jobs available to Raughton in the national economy during the first relevant period.  Rather, the ALJ considered Raughton's residual functional capacity, age, education, and work experience in conjunction with the grids, as well as the testimony of the VE from the April 18, 2019 hearing. (Tr. at 26).

In his decision, the ALJ noted that in the period prior to November 18, 2018, if the claimant had the RFC to perform a full range of sedentary work, a finding of "not disabled" would be directed by Grid Rule 201.21[5],  however, Raughton's ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations. (*Id.*)  Accordingly, "to determine the extent to which these limitations eroded the unskilled sedentary occupational base, [the ALJ] asked the vocational expert (VE) whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual function capacity." (*Id.*)  In response, the VE testified jobs existed in the national

_____

[5] Grid Rule 201.21 applies to a younger individual (age 18-49) who graduated high school and has previously performed skilled or semiskilled work, with skills that are non-transferable.

economy that could be performed by a hypothetical individual with the same age, education, work experience, and transferable skills, if any, and RFC as Raughton. (Tr. at 53). Those jobs included that of bench and table worker and assembler. (*Id.*) However, after Raughton reached the category of an individual closely approaching an advanced age, considering his age, education, work experience, and RFC, in light of the grids, the ALJ found Raughton to be disabled as of November 18, 2018. (Tr. at 27). Thus, because the ALJ did not rely solely on the grids in determining Raughton was not disabled from the alleged onset date until November 18, 2018, Raughton's argument that the ALJ's decision should be remanded due to improper, mechanical application of the grids fails.

Additionally, Raughton cites to *Broz v. Schweicker* to assert the ALJ cannot use the grids concerning age to establish conclusively a claimant's ability to adapt to a new work environment because the age factor was not amenable to legislative fact finding and had to be determined on an individual basis. 677 F.2d 1351, 1360 (11th Cir. 1982), *vacated and remanded sub nom. Heckler v. Broz,* 103 S. Ct. 2421 (1983). However, *Broz*, in which the plaintiff was found disabled based off strict application of the grids without consideration of the individual evidence pertaining to the claimant, is distinguishable. Here, the ALJ did not rely solely on the grids in determining Raughton was not disabled prior to November 18, 2018. *See id.* Therefore, Raughton's assertion his testimony that he couldn't "read good," took

several tries to pass his CDL, and had his wife handle his checking account is irrelevant to the argument raised. (*See* Doc. 18 at 11; Tr. at 39, 48). Accordingly, Raughton's first argument is without merit.

### B. Consideration of the State of Alabama Retirement System Decision

Next, Raughton argues the ALJ erred in failing to consider or discuss the decision of the State of Alabama Retirement System approving Raughton's application for disability retirement benefits in December 2016. (Doc. 18 at 12). Relevant to the ALJ's analysis, a prior version of 20 C.F.R. § 404.1504 was in effect in December 2016, when Raughton applied for a period of disability and disability insurance benefits. (*See* Tr. at 17, 186). This prior version of 20 C.F.R. § 404.1504, which was effective until March 27, 2017, states:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 C.F.R. § 404.1504 (2016). Further, the Social Security Ruling (SSR) related to this earlier version noted that the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies." SSR 06-3P, 2006 WL 2329939 at *6. As noted by Raughton, this ruling concludes "evidence of a disability decision by another governmental or non-

governmental agency cannot be ignored and must be considered." *Id.*; (Doc. 18 at 13).

Here, the ALJ considered the evidence related to the State of Alabama Retirement System's decision. (Doc. 22 at 12). In assessing this evidence, which is considered as from non-medical sources, the ALJ assigned significant weight to the letter from Raughton's employer, Mayor Larry Chesser, which was related to Raughton's application for disability retirement. (Tr. at 24, 185). Further, the ALJ considered the opinion of Dr. Scott Pennington, which was the only documentation attached to the one-page letter informing Raughton his disability retirement was approved. (Tr. at 25, 920, 921-922).[6] The ALJ noted Dr. Pennington opined Raughton would have difficulty performing his past work, due to his history of hernias, and the ALJ assigned significant weight to Dr. Pennington's opinions to the extent they were consistent with the record as a whole and supported by adequate explanation. (Tr. at 25).

Thus, because the ALJ considered the evidence of the State Retirement System's decision regarding Raughton's disability, the ALJ did not err. Further, as noted above, a determination made by another agency regarding a claimant's disability is not binding on the Commissioner. 20 C.F.R. § 404.1504 (2016).

---

[6] Other than Dr. Pennington's report of disability (Tr. 921-922), the letter granting Raughton disability retirement does not provide any information related to Raughton's impairments or alleged disability. *Id.* at 920.

**C. RFC**

Finally, Raughton contends the ALJ's decision he could perform a limited range of sedentary work prior to November 18, 2018, is not otherwise supported by substantial evidence.  (Doc. 18 at 14).[7]  In support of this argument, Raughton first asserts the document prepared by Dr. Pennington provides Raughton was totally incapacitated for his job as a garbage truck driver, which involved "getting in and out of a large truck multiple times during the day."  (Tr. at 921).  He further cites to Dr. Pennington's statement that Raughton "has 2 early inguinal hernias which will probably become more prominent and maybe symptomatic if he resumes lifting and straining."  (*Id.* at 92; Doc 18 at 14).  Raughton also cites to his own testimony in support of his argument.  (*Id.* at 14-15).  Specifically, Raughton testified he is six-feet-and-one-inch tall, weighs 305 pounds, has degenerative disc disease, has gastritis and pancreatitis, had diverticulosis, had several hernias (some of which required surgery), has diabetes, has occasional blood sugar spikes, and takes oxycodone three times a day for his back pain.  (Tr. at 41-42)

In determining Raughton's RFC, the ALJ considered all symptoms and the extent to which his symptoms can reasonably be accepted as consistent with the

---

[7] As noted above, and in footnote 6, the ALJ determined Raughton had the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a), except Raughton cannot climb ladders, ropes, or scaffolds and is limited to occasional stooping, kneeling, crouching, and crawling.  (Tr. at 20). Additionally, Raughton cannot be exposed to excessive vibration and cannot be exposed to workplace hazards such as moving mechanical parts and high exposed panes. *Id.*

objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 163-3p. (*Id.* at 20-21). The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527. (*Id.* at 21). In considering Raughton's symptoms, the ALJ first determined whether Raughton had underlying medically determinable physical or mental impairments that could reasonably be expected to produce his pain or other symptoms and then evaluated the intensity, persistence, and limiting effects of his symptoms to determine the extent to which they limit his work-related activities. (*Id.* at 21). Relevantly, the ALJ's decision regarding Raughton's ability to return to his prior work as a garbage truck driver is consistent with Dr. Pennington's opinion, as the ALJ determined Raughton could only perform sedentary work with limitations and was unable to perform any past relevant work. (Tr. at 20, 25). Further, in reaching this conclusion, the ALJ assigned significant weight to Dr. Pennington's statement. (*Id.*)

Next, Raughton argues "a person who has already had three hernia surgeries and suffers 8 out of 10 back pain despite a regimen of oxycodone three times a day is not able to perform even sedentary work."[8] (Doc. 18 at 15).[9] As noted in the defendant's brief, related to Raughton's back pain, the ALJ considered the medical

---

[8] At the hearing, Raughton testified he suffers a pain level of 8 while taking oxycontin. (Tr. at 49)

[9] This assertion is only relevant to the time prior to November 18, 2018, as the ALJ found Raughton to be disabled following that date.

evidence[10] and concluded his "allegations of severe and disabling functional limitations from back pain is inconsistent with the overall objective evidence, which generally shows few abnormalities on most examinations" and that the overall evidence supports Raughton is capable of functioning within the RFC determined by the ALJ.  (Tr. at 22).

The ALJ noted Raughton presented to the emergency department on July 2, 2016, with complaints of right mid back pain.  (*Id*. at 22, 377).  Notes from that visit reflect a history of back pain and that prior to arriving at the emergency department, Raughton's pain was moderate at its worst.  (*Id.*).  However, as articulated by the ALJ, doctor's notes reflect Raughton's "[b]ack pain [was] absent, ROM [was] normal, normal spinal alignment noted, CVA tenderness [was] absent, [and] vertebral tenderness [was] not appreciated."  (Tr. at 22, 378).

The ALJ noted a lumbar spine MRI performed on October 12, 2016, showed a broad-based disc bulge with central annual tear and facet arthropathy at L5-S1, with mild bilateral foraminal narrowing, and mild spondylosis elsewhere in the lumbar spine.  (*Id.* at 22, 377).  The ALJ further discussed treatment notes from September 2016 from Raughton's primary care provider, Dr. Jason Ham, which show he complained of back pain and had tenderness over the spine, positive straight

---

[10] 20 C.F.R § 404.1529 (c)(2) provides that the commissioner considers all symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.

leg raises on the right, and right lower extremity weakness; follow-up notes from December 2016 show Raughton complained of back pain radiating into his buttocks. (*Id*. at 22, 933-936, 927).  Dr. Ham's notes also reflect a surgical history including a hernia repair in 2016. (*Id.* at 928).  Further, notes from Dr. John Taylor Jones, a consultative examiner, reflect Raughton complained of back pain and presented with severe limitation of lumbar spine range of motion with evidence of right sided radiculopathy.  (Tr. at 965-969).

However, as noted by the ALJ, emergency room notes from May 22, 2018, show Raughton presented with left upper and lower quadrant abdominal pain and on had a full range of motion in the musculoskeletal system and extremities with no complaints of pain.   (*Id.* at 22, 1022).  Additionally, as noted in the defendant's brief, no treating or examining doctor offered Raughton could not perform even sedentary work, and Raughton's brief does not cite to any evidence contrary to that reviewed by the ALJ.  (Doc. 18 at 17-18; Tr. at 921-922, 967-970).

Here, the ALJ provided and explained his RFC assessment, which included review of both the medical and non-medical sources in the record, as well as Raughton's allegations consistent with the record.  The ALJ does not deny evidence of back pain but rather indicates the record as a whole does not support Raughton's pain, or any of his other impairments, prevent him from working in a sedentary capacity with additional limitations.  In sum, the ALJ provided:

> [The] above residual capacity assessment is supported by the record as a whole after fully considering the claimant's allegations in light of the greater weight of the objective evidence.  The evidence of the record does not support the claimant's allegations of serious and disabling functional limitations, and despite his conditions and symptoms, he reasonably retains the ability to engage in work activity within the residual functional capacity stated above.

(Tr. at 25).

As previously noted, review of the Commissioner's decision is limited to whether the decision is supported by substantial evidence and proper legal standards were applied. *Crawford*, 363 F.3d at 1158.  "Substantial evidence consists of 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Hicks v. Comm'r of Soc. Sec.*, 479 F. App'x 294, 295 (11th Cir. 2012) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). Moreover, it is not the role of this court to reweigh the evidence.  *See Dyer*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Thus, as the ALJ properly assessed all evidence of record and substantial evidence supports his findings, Raughton's argument the ALJ improperly determined his RFC fails. Further, Raughton fails to demonstrate an absence of substantial evidence supporting the ALJ's conclusion.  *See Sims v. Comm'r of Soc. Sec.*, 7086 F. App'x 569, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## V. CONCLUSION

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is supported by substantial evidence and in accordance with applicable law. Therefore, that decision is due to be **AFFIRMED**.  A separate order will be entered.

**DONE** this 21st day of September, 2021.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE